**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**TRACY HOGAN**                                                                                      **PLAINTIFF**

**V.**                                                 **NO. 3:14CV156-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                       **DEFENDANT**

**ORDER**

Oral argument hearing was held on June 11, 2015.  Following a review of the

record and arguments presented by counsel, the Court announced its findings of fact and

conclusions of law, affirming the Commissioner's decision.  Based on the record as a

whole, there was sufficient evidence to support the decision that Ms. Hogan was not

disabled within the meaning of the Social Security Act as of the time of the hearing

before the Administrative Law Judge.  An excerpted transcript with detailed findings and

conclusions is attached.

Accordingly, the decision of the Commissioner is affirmed, and the case is hereby

dismissed, with prejudice.

So ordered, this 1st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF ARKANSAS
 2                          JONESBORO DIVISION

 3

 4   TRACY HOGAN,                      .
                                       . Docket No. 3:14-CV-00156-BD
 5   PLAINTIFF,                        .
                                       . Little Rock, Arkansas
 6   VS.                               . June 11, 2015
                                       . 9:59 A.M.
 7   SOCIAL SECURITY ADMINISTRATION .
                                       .
 8   COMMISSIONER,                     .
                                       .
 9   DEFENDANT.                        .
      . . . . . . . . . . . . . . .
10

11

12                          TRANSCRIPT OF

13      EXCERPTED ORAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

14                    IN ORAL ARGUMENT HEARING

15                BEFORE THE HONORABLE BETH DEERE

16                UNITED STATES MAGISTRATE JUDGE

17

18

19   ELECTRONIC COURT RECORDER-OPERATOR:  Ms. Suzy Flippen

20

21   Transcription Service:            Robin Warbritton
                                       Post Office Box 262
22                                     Vilonia, AR  72173
                                       (501) 796-6560
23

24   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

2

1   APPEARANCES:

2   For the Plaintiff:          Mr. Greg Wallace
                                C/O Bartels Law Firm
3                               Post Office Box 1640
                                Jonesboro, AR  72403-1640
4

5   For the Defendant:          Ms. Angeline S. Reese
                                Social Security Administration
6                               Office of the General Counsel
                                1301 Young Street
7                               Suite A702
                                Dallas, TX  75202-5433
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1              P R O C E E D I N G S

2        (Call to order of the Court.)

3                        * * *

4           THE COURT:  All right.  Then I'm ready to rule in

5  this case unless there is something I have -- anybody wants to

6  add.

7           So, these are my findings and conclusions.  First,

8  jurisdiction is proper.  There is no dispute, all the

9  procedural prerequisites have been satisfied.  The parties

10  have consented to my jurisdiction, so it's appropriate for me

11  to rule.

12           I have reviewed the parties' briefs, the ALJ's

13  decision, all of those portions of the record the parties have

14  cited, in addition to other parts of the record that I've

15  reviewed, including the entire transcript of the hearing

16  before the ALJ.

17           Standard of review is well settled; is there

18  sufficient evidence, considering the record as a whole, to

19  support the Commissioner's decision, and second, is there any

20  legal error?

21           Ms. Hogan is appealing the Commissioner's finding

22  that she was not disabled.  And because the Appeal's Counsel

23  denied her request for review, the ALJ's April 15, 2013

24  decision is deemed the Commissioner's final decision.

25           She applied for disability benefits on October 14,

1   2011; first, alleging an onset date of January 1, 2001 -- 2007

2   -- excuse me -- but later amending the onset date to October

3   14, 2011.

4          The ALJ followed the five-step analysis that ALJ's

5   use in every case.  He did find that Ms. Hogan had severe

6   impairments; carpel tunnel syndrome of the upper left

7   extremity, joint pain, lumbago, tremors, depression, anxiety

8   disorder, obsessive compulsive disorder, and polysubstance

9   abuse in remission.

10          Based on these impairments, as well as non-severe

11   impairments, the ALJ found that Ms. Hogan could perform a

12   reduced range of light work.  To accommodate her physical

13   impairments, the ALJ limited her to jobs that would require no

14   more than frequent reaching and handling with her left non-

15   dominant hand and wrist.  In addition, she would not be able

16   to climb ladders or scaffolds and could not be exposed to

17   unrestricted heights.

18          To accommodate her mental impairments, the ALJ

19   limited Ms. Hogan to performing simple unskilled or rote

20   activities and to understanding, following, and remembering

21   concrete instructions.  He further limited her to jobs

22   requiring only limited contact with the public, superficial

23   contact with coworkers and supervisors.

24          Ms. Hogan had no past relevant work, but a Vocational

25   Expert identified jobs that are available in sufficient

1  numbers that a person with Ms. Hogan's limitations could

2  perform.

3      Ms. Hogan raises several points on appeal.  She

4  challenges the ALJ's Residual Functional Capacity

5  determination.  Her appeal focused primarily -- focuses

6  primarily on her mental impairments.  And there's not a -- I'm

7  going to say there's not a serious argument that the ALJ erred

8  with respect to her physical limitations.  Although she raises

9  some of those in her argument today, they're not seriously

10  challenged in her brief.  And I'm -- to me, it's clear that

11  the limitations set out by the ALJ adequately accommodate her

12  physical limitations; that is, her carpel tunnel syndrome and

13  her tremors, as well as her joint pain, lumbago.  She's --

14  she's limited to a reduced range of light work according to

15  the ALJ.

16      So, turning to her mental impairments, she makes

17  three general arguments.  First, that the ALJ did not

18  adequately consider all of the medical opinions of the

19  consulting psychologist, Mary Ellen Zeoco, who is a Ph.D.

20  psychologist.  Dr. Zeoco examined Ms. Hogan on December 20th,

21  2011.  That part of her opinion that the ALJ should have

22  considered, according to Ms. Hogan, are her opinions that Ms.

23  Hogan, and I'm quoting here:

24          "Might sometimes have some

25          difficulty sustaining

1             concentration on basic tasks due

2             to emotional distress."

3       End quote.  That she, quote:

4             "Might have some difficulty

5             sustaining persistence in

6             completing tasks due to emotional

7             distress."

8       End quote.  And also that she, quote:

9             "Might have some difficulty

10            completing work-like tasks within

11            an acceptable time frame."

12      End quote.

13      Again, Ms. Hogan argues that the ALJ should have

14 given more weight to not only these opinions, but also to the

15 Global Assessment Functioning score, or sometimes we shorthand

16 that to GAF, the GAF Score of 45, which is -- is extremely

17 low.

18      Her second general argument is that the ALJ's

19 credibility determination was flawed.  And in support of that,

20 she cites her long history of treatment and prescription

21 medications.  She argues that the ALJ put too much reliance on

22 the state agency doctor, who did not examine Ms. Hogan, and

23 that would be Dr. Kevin Santulli, who is also a Ph.D.

24 psychologist.

25      And her third general argument is that the ALJ should

1  have more fully developed the record if he found that Dr.

2  Zeoco's report was vague and ambiguous.

3       I do find that substantial evidence supports the

4  ALJ's decision.  His -- first of all, his observation that Dr.

5  Zeoco's opinions were based heavily on Ms. Hogan's subjective

6  complaints is accurate.  A large part of her report repeats

7  the history that Ms. Hogan herself gives.  And I would point

8  out that Dr. Zeoco's opinion was reviewed by another

9  psychologist, as I've said, Dr. Kevin Santulli.  So he had the

10 benefit of Dr. Zeoco's report when he fashioned his opinion.

11      I do think it's important to note that Dr. Zeoco also

12 noted that Ms. Hogan's activities of daily living, that

13 included she drives, she has a driver's license, she completes

14 activities of daily living without assistance, except that her

15 15 year old apparently helps her put on makeup because of her

16 tremors.  She communicates in a socially adequate manner,

17 communicates in an effective and intelligible manner.  She's

18 able to cope with the typical cognitive demands of basic work-

19 like activities, manages her own funds.  Her thought process

20 is logical, relevant, goal orient -- goal directed.  She lives

21 with her mother and three of her five children, since

22 separating from what sounds like her no-account husband.

23      So, I think that there was no necessity for the ALJ

24 to ask Dr. Zeoco to clarify her opinion.  The opinion about

25 possible problems were so speculative, including words like

1  "They might sometimes; she might sometimes have some

2  difficulty."  That's really not enough to support a finding

3  that she would have those problems.

4        Ms. Hogan herself testified at the hearing about her

5  activities of daily living and testified that she helps get

6  her children ready for school, she does laundry, picks up

7  around the house, cooks some, helps her children with their

8  homework, and puts them to bed after they have bathed and

9  gotten ready for bed.

10       The ALJ was not required to adopt every part of the

11  opinion of this consulting doctor, psychologist, who saw her

12  only once.  And he certainly was not required to give

13  controlling weight to that one GAF score of 45.  The current

14  DSM, which is DSM-5, has eliminate -- has eliminated the use

15  of GAF scores, in part, because of their, quote:

16                 "Conceptual lack of clarity and

17                 questionable psychometrics and

18                 routine practice."

19       Moreover, the Social Security regs make it clear that

20  GAF scores are not dispositive.

21       The ALJ also properly took into account

22  inconsistencies in Ms. Hogan's testimony.  You know, in spite

23  of her testimony about these disabling tremors, the ALJ

24  observed no tremors at the time of the hearing.  And at the

25  time of the hearing, she had not been to see her primary care

1 doctor for approximately five months.  And there's no record

2 of her ever seeking treatment for her mental health problems

3 except her visits to her primary care physician.

4        Other inconsistencies are in the record.  She refers

5 to lupus causing memory problems, but there's no diagnosis of

6 lupus that I found anywhere in the record.

7        The ALJ also properly noted her poor work history,

8 although I don't put a lot of -- a lot of weight on that, she

9 is 32 years old and had five children, she didn't have much

10 opportunity to find work.  So, I'm not particularly dwelling

11 on that, although that is something that ALJs can properly

12 consider.  And again, her lack of mental health treatment.

13        So, because of all of this, I think that the ALJ

14 adequately accommodated all of her mental impairments that are

15 fairly supported by the record.

16        So, I find no legal error.  And for the reasons we've

17 just discussed, I find there's substantial evidence to support

18 the decision here that Ms. Hogan was not disabled within the

19 meaning of the Social Security Act as of the time of the

20 hearing.  Although there is certainly evidence on the other

21 side, I don't find that this is really a very close case.

22 There is ample evidence here to support the decision.

23        So, we will have a transcript of the findings and

24 conclusions prepared.  And that will be attached to an order.

25 That will take a couple of weeks or so.

1        I do want to thank the lawyers.  Professor Wallace

2    always makes an excellent argument and makes the most out of

3    the record.  There just was not much of a record in this case

4    to -- that he could work with in this case.  Also, thanks to

5    Ms. Reese from the Social Security Administration.  You did a

6    very good job, as well.

7        So, if there's nothing further.  We are adjourned.

8        MR. WALLACE:  Thank you, Your Honor.

9        MS. REESE:  Thank you, Judge.

10   (Adjournment at 10:36 a.m.)

11        ELECTRONIC SOUND RECORDING CERTIFICATION:

12   I, court approved transcriber, certify that the foregoing is a

13   correct transcript from the official electronic sound

14   recording of the proceedings in the above-entitled matter.

15

16   /s/Robin Warbritton         June 25, 2015
      Signature of Approved Transcriber     Date

17

18   Robin Warbritton
      Typed or Printed Name

19

20

21

22

23

24

25